UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY CASHIN, | ) | Case No. 1:12CV909 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | **REPORT & RECOMMENDATION** |
| ACTING COMMISSIONER OF | ) | **OF MAGISTRATE JUDGE** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Mary Cashin ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). ECF Dkt. #1. Plaintiff asserts that the Administrative Law Judge (ALJ) erred in his decision at Step Three of the sequential steps to evaluate entitlement to disability benefits by failing to evaluate her fibromyalgia under Listing 14.09 in the Listing of Impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1 (Listing of Impairments). ECF Dkt. #11 at 5-7. Plaintiff further contends that the ALJ committed error at Step Four of the sequential steps by failing to properly consider her credibility and her residual functional capacity ("RFC"). *Id*. at 7-10. For the following reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND the instant case.

# I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on February 13, 2009, alleging disability beginning

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

February 11, 2009 due to radiculopathy, congenital spinal stenosis, hip pain, leg cramps and numbness, shoulder pain, disc herniations, depression, and anxiety. ECF Dkt. #10 at 98-106, 127.[2] The Social Security Administration (SSA) denied Plaintiff's application initially and upon reconsideration. *Id*. at 64-65, 68-73. Plaintiff requested a hearing before an ALJ which was held on January 11, 2011. *Id*. at 25, 76. At the hearing, the ALJ accepted testimony from Plaintiff, who was present and represented by counsel, and a vocational expert ("VE"). *Id*. at 25.

On March 9, 2011, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease ("DDD"), disc herniations, fibromyalgia, and depression. ECF Dkt. #10 at 13. However, he found that these impairments, individually or in combination, did not meet or equal a listed impairment in 20 C.F.R. Part 4, Subpart P, Appendix 1. *Id.* at 13-15. He addressed Listing 1.04, back disorders, with regard to Plaintiff's DDD and disc herniations, and he addressed Plaintiff's mental impairment under Listing 12.04. *Id*. at 13-15. The ALJ discounted Plaintiff's credibility and found that she could perform sedentary work with the following limitations: the ability to alternate sitting and standing at will provided she is not off task more than 10% of the workday; never climbing ladders, ropes or scaffolds; occasionally climbing ramps or stairs; occasionally stooping, kneeling, crouching, crawling, and reaching overhead bilaterally; performing only tasks that are simple, routine and repetitive and that involve only simple work-related decision-making, routine workplace changes, and only occasional interaction with the public and coworkers. *Id*. at 15.

Relying upon the testimony of the VE, the ALJ found that with this RFC, Plaintiff was unable to perform any of her past relevant work, but she could perform other jobs existing in significant

---

[2]References to the administrative record in this case refer to the ECF docket number of the cited document and the page number assigned to cited pleading by the ECF system, which can be found in the search box at the top of the page on the ECF toolbar.

numbers in the national economy, such as the representative occupations of document preparer, assembler of electrical components, and inspector of printed circuit boards. ECF Dkt. #10 at 19-20.

Plaintiff requested review of the ALJ's decision and her counsel provided argument, but the Appeals Council denied the request, finding no basis for changing the ALJ's decision. ECF Dkt. #10 at 5-7, 185-186. Plaintiff timely filed an appeal to this Court and Defendant answered. ECF Dkt. #s 1, 9. Both parties have filed briefs addressing the merits of the case and Plaintiff has filed a reply brief. ECF Dkt. #s 11-13. At issue is the decision of the ALJ dated March 9, 2011, which stands as the final decision of the Commissioner. ECF Dkt. #10 at 11-20; 20 C.F.R. § 404.984.

## II.     STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that alternate jobs in the economy are available to the claimant, considering her age, education, past work experience and RFC. *See Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### III.    STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir.2001). Thus, the ALJ has a "zone of choice" within which he or she can act without the fear of

court interference. *Id.* at 773.

## IV. ANALYSIS

### A. ALJ'S STEP THREE DETERMINATION

Plaintiff first asserts that the ALJ's Step Three determination is contrary to law because he failed to mention and analyze her fibromylagia at Step Three and specifically failed to analyze her fibromyalgia under Listing 14.09. ECF Dkt. #11 at 6-7. The undersigned recommends that the Court find merit to Plaintiff's argument.

The Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 describes impairments for each of the major body parts that are deemed of sufficient severity to prevent a person from performing gainful activity. 20 C.F.R. § 404.920. In the third step of the analysis to determine a claimant's entitlement to DIB, it is the claimant's burden to bring forth evidence to establish that her impairments meet or are medically equivalent to a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). In order to meet a listed impairment, the claimant must show that her impairment meets all of the requirements for a listed impairment. *Hale v. Sec'y,* 816 F.2d 1078, 1083 (6th Cir. 1987). An impairment that meets only some of the medical criteria and not all does not qualify, despite its severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment or combination of impairments is considered medically equivalent to a listed impairment "* * *if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments." *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir.1986)(per curiam). In order to show that an unlisted impairment or combination of impairments is medically equivalent to a listed impairment, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531.

-5-

At step three in the instant case, the ALJ made the general statement that Plaintiff's impairments did not, individually or in combination, meet or equal any of the Listings. ECF Dkt. #10 at 13. He then went on to address particular Listings with regard to Plaintiff's severe impairments of DDD, disc herniations and depression. *Id*. at 13-15. He reviewed the medical evidence as to each of the Listings that he believed most relevant to these impairments and found that the medical evidence did not support findings that Plaintiff's impairments met or equaled those Listings. However, the ALJ failed to mention, much less provide any analysis, as to whether Plaintiff's fibromyalgia impairment medically equaled a Listing.

The undersigned addressed this same issue in *Fleming v. Commissioner of Social* Security, No. 1:09CV373, 2010 WL 649752, at *4 (N.D. Ohio Feb. 19, 2010), unpublished. In that case, the undersigned held that Fleming had waived the opportunity to raise the issue of the ALJ's Step Three failure to evaluate whether her fibromyalgia medically equaled Listing 14.09 because she failed to cite the Court to evidence supporting medical equivalence in her brief. *Id*. at *3. The undersigned found that since it is the claimant who has the burden of proof at steps one through four of the process for determining disability, and Fleming failed to meet this burden by failing to cite to evidence supporting her position, she had waived the issue. *Id*., citing *Anthony v. Astrue*, No. 07-3344, 166 Fed. Appx. 451, 2008 WL 508008, at * *6 (6th Cir. Feb. 22, 2008), unpublished, citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *see also Lear v. Astrue*, No. 4:08Cv-00077-EHJ, 2009 WL 928371, at 3 (W.D. Ky. 2009), citing *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) and *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997).

However, the undersigned recommends that the Court find that *Fleming* is distinguishable from the instant case. While Plaintiff in this case has also failed to cite the Court to any evidence or

-6-

support that her fibromyalgia medically equals Listing 14.09, the ALJ in *Fleming* had indicated in his decision that he had considered Fleming's fibromyalgia at Step Three as he had stated that "[t]he Listing of Impairments does not contain a section for fibromyalgia." *Id.* In the instant case, however, the ALJ completely ignored Plaintiff's fibromyalgia at Step Three. He finds Plaintiff's fibromyalgia to be a severe impairment at Step Two and he discusses fibromyalgia at Step Four when he discounts her credibility and determines her RFC. Yet at Step Three, the ALJ fails to mention or address Plaintiff's fibromyalgia but evaluates each of Plaintiff's other impairments in depth. ECF Dkt. #10 at 13-15.

In *Reynolds v. Commissioner of Social Security*, 424 Fed. App'x 411 (6th Cir. 2011), the Sixth Circuit Court of Appeals reversed and remanded the case when the ALJ found that the claimant had severe physical and mental impairments at Step Two of the sequential analysis but failed to analyze the claimant's back impairment at Step Three despite concluding that his back impairment had failed to meet or equal a Listing. The Sixth Circuit noted that while the ALJ had thoroughly addressed the claimant's severe mental impairments in his Step Three analysis, " '[n]o analysis whatsoever was done as to whether Reynolds' physical impairments (all summed up in his finding of a severe 'back pain' impairment) met or equaled a Listing under section 1.00, despite his introduction concluding that they did not." *Id.* at 415. The Sixth Circuit found that:

> In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.

*Id.* at 416 [citations omitted].

This Honorable Court and other Courts within this District have recently applied *Reynolds* in cases where the ALJ provided only a conclusory statement and no analysis at Step Three in finding

-7-

that a claimant's physical impairments did not satisfy a Listing. *See e.g., Shea v. Comm'r of Soc. Sec.*, No. 1:11CV1076, 2012 WL 967072 (N.D. Ohio Mar. 21, 2012) (Adams, J.), adopting *Shea v. Astrue*, No. 1:11CV1076, 2012 WL 967088 (N.D. Ohio Feb. 13, 2012)(case reversed and remanded where ALJ offered no analysis at Step Three to support his conclusory statement that claimant's physical impairments did not meet a Listing); *Keyes v. Astrue,* 2012 WL 832576, at *6 (N.D. Mar. 12, 2012)(Gwin, J.)(addressing claimant's objection to Report and Recommendation and finding that ALJ failed to evaluate physical impairments at Step Three even though claimant had not raised the issue in her brief to United States Magistrate Judge); *see also May v. Astrue*, No. 4:10CV1533, 2011 WL 3490229 (N.D. Ohio Aug. 10, 2011) (Adams, J.), adopting *May v. Astrue*, No. 4:10CV1533, 2011 WL 3490186, at *9 (N.D. Ohio June 1, 2011)(same).

As to Plaintiff's fibromyalgia, the ALJ in this case offered no statement at Step Three with no support or analysis to provide this Court with an opportunity to meaningfully review his determination on this issue. Defendant offers evidentiary support and analysis in her brief to show that Plaintiff's fibromyalgia does not satisfy Listing 14.09D.  ECF Dkt. #12 at 10-12.  However, the ALJ did not include these assertions in his decision and the Court cannot engage in post hoc rationalizations. *S.E.C. v. Chenery,* 332 U.S. 194, 196 (1947)("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency"); *see also May*, 2011 WL 3490186, at *9 (rejecting Commissioner's analysis and support for ALJ's Step Three finding as the ALJ did not include any such analysis in his decision because "arguments [crafted by defense counsel] are of no consequence, as it is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration.")(citations omitted).

-8-

Further, the ALJ's failure to provide analysis of Plaintiff's fibromyalgia impairment for his Step Three conclusion is not harmless error because the Social Security regulations state that if a person's impairments meet or equal a Listing, she is disabled under the regulations and would be entitled to benefits with no further analysis required.  *See* 20 C.F.R. § 404.1520(a)(4); *Reynolds*, 424 Fed. App'x at 416.  While the ALJ did discuss some of the medical evidence in his Step Four analysis in the instant case, he failed to provide adequate support for his finding that Plaintiff's fibromyalgia did not medically equal a Listing at Step Three.  ECF Dkt. #12 at 71-72.

Accordingly, the undersigned recommends that the Court remand the instant case for the ALJ to reevaluate the medical evidence and provide support for his determination as to whether Plaintiff's fibromyalgia medically equals a Listing, which should include analysis as to whether Plaintiff's fibromyalgia impairment medically equals Listing 14.09D.

### B.   CREDIBILITY AND RFC DETERMINATION

Plaintiff also asserts that the ALJ erred in his credibility and RFC analyses. However, if the Court chooses to accept the undersigned's instant Report and Recommendation, the undersigned recommends that the Court decline to address these issues relating to these Step Four issues because the ALJ's Step Three analysis may impact his findings as to these issues in his Step Four analysis. *See Reynolds*, 424 Fed. App'x at 417.

### V.   RECOMMENDATION AND CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND the instant case for further factfinding, analysis, and articulation regarding

whether Plaintiff's fibromyalgia medically equals a Listing, including Listing 14.09D.

Dated: June 17, 2013                              */s/ George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE

     Any OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).